USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Big Noise Sports, Inc.,

                Plaintiff,

        –v–

Beijing Media Network et al,

                Defendants.

20-cv-06439 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court GRANTS the motion.

### I.    BACKGROUND

    Plaintiff Big Noise Sports, Inc. ("BNS") filed its Complaint against Defendants Beijing Media Network ("BTV") and Beijing Universal Media Culture Communication Co., Ltd. ("BUMCCC") on August 13, 2020. Dkt. No. 1. On August 14, 2020, Plaintiff filed affidavits of service showing that the Summons and Complaint were served upon both Defendants. Dkt. Nos. 9-10. Defendants never responded to the Complaint nor appeared in this action. Accordingly, on December 28, 2020, Plaintiff sought a Clerk's Certificate of Default, which it received on December 29, 2020. Dkt Nos. 23, 25. On January 19, 2021, Plaintiff then filed the instant Motion for Default Judgment. Dkt. No. 26. Defendants still have not appeared and the motion is deemed unopposed.

    Plaintiff filed this action alleging breach of contract and breach of the implied covenant of good faith and fair dealing claims against Defendants. The parties entered into a Personal Appearance Agreement in August of 2018 that called for Plaintiff to arrange professional boxer

Mike Tyson's appearance at a sports event to be televised on BTV in October of 2018.  Dkt. 1 ¶¶ 6-7.  The Agreement provided that BUMCCC was to pay BNS $300,000—first a $100,000 deposit upon execution of the Agreement, then another $200,000 to be deposited at a later date.  *Id.* ¶ 8.  Plaintiff brings claims for breach of contract based on the missed payments, as well as for attorney's fees.  *Id.* at 5.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a court may enter default judgment following the entry of default against a party who fails to defend an action.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."  *Id.*  Rule 54(c) limits relief to that requested in the complaint.  Before entering a default judgment, a court must determine whether the allegations in the complaint state a claim upon which relief may be granted.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

## III.    DISCUSSION

Defendants have not appeared or defended this action.  *See* Dkt. No. 25 (Clerk's Certificate of Default).  The Court therefore accepts as true all well-pleaded allegations in the complaint.  Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of

damages—is admitted if a responsive pleading is required and the allegation is not denied."). Thus, the Court must examine whether the plaintiff sufficiency pleads liability for the cause of action for which the Plaintiff is seeking default judgment.

### A.  Plaintiff Establishes a Prima Facie Case for Recovery

Under New York law, "an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (cleaned up). Accepting Plaintiff's allegations as true, here there is a validly executed Agreement, with clear terms of payment, with which Defendants have failed to comply.  Dkt. No. 1.  Thus, Plaintiff states a valid claim for breach of contract.

Additionally, Paragraph 3 of the Agreement provides that "each Indemnifying Party agrees to indemnify, defend and hold the Indemnified Party and its affiliates harmless from any and all liability, cost, or expense, including reasonable outside attorney's fees" that "the Indemnified Party or its affiliates may sustain or incur as a result of [a] breach" of the Agreement.  Dkt. 1 ¶ 10.  Accordingly, based on the plain language of the Agreement, Defendants also owe Plaintiff its reasonable attorney's fees, costs, and expenses.

### B. Plaintiff Provides Sufficient Evidence of Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted).  Establishing the appropriate amount of damages involves

"determining the proper rule for calculating damages on . . . a claim" and "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* at 155. The Second Circuit has approved the holding of a damages inquest by affidavit, without a court hearing, as long as the Court has "ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In a breach of contract case governed by New York law, damages "should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003). Had Defendants performed the contract, Plaintiff would be entitled to the $300,000 it requests in actual damages. *See* Declaration of John Writ, Dkt. No. 27 ¶ 39.

In addition to the $300,000 in actual damages, counsel submitted a detailed explanation of his request for $16,687.50 in attorney's fees and $628.78 in costs pursuant to the indemnification provisions in Paragraph 3 of the Agreement. *Id.* ¶¶ 40, 42-54. From the filing of the Complaint through the filing of the present Motion for Default Judgment, counsel asserts that he spent 22.25 hours of billable time investigating, researching, drafting, and filing the relevant documents. *Id.* ¶ 43. At his rate of $750 per hour, that results in $16,687.50 in attorney's fees. Finally, court filing costs totaled $628.78. *Id.* ¶ 44.

When the contract provides for an award of attorney's fees to the prevailing party, "the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as the amounts are not unreasonable." *Diamond D Enters. USA Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (internal quotation marks omitted). The attorney's billing rates and hours billed are reasonable. Here, the rate of $750 is reasonable because the attorney is an experienced partner at a law firm. Courts in this district have approved comparable rates and

4

hours in this situation. *See, e.g.*, *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13-cv-2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) (approving rates for experienced law firm partners in the range of $500 to $800 per hour). The amount of time billed here, approximately 20 hours, was reasonable in light of the time needed to draft and file the complaint, effectuate service, and file for a certificate of default. The costs expended for filing, mailing, and service of process are also reasonable.

Finally, Plaintiff requests an additional $8,680.64 in damages pursuant to Paragraph 4 of Plaintiff's agreement with Tyson Affiliates, which mirrors Paragraph 3 of the Agreement. Because of Defendants' breach of the Agreement, Plaintiff breached its agreement with Tyson Affiliates. Plaintiff is therefore required to indemnify Tyson Affiliates for its attorney's fees and costs in enforcing its agreement with Plaintiff. Plaintiff acknowledges that Tyson Affiliates has only made a formal claim of breach and has not yet instituted legal proceedings, so Plaintiff divided its own legal fees in half and requested $8,680.64 in damages pursuant to the indemnification provision in Paragraph 3 of the Agreement.

To secure a default judgment for damages, plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *See United States v. DiPaolo*, 466 F. Supp. 2d 476, 483-84 (S.D.N.Y. 2006). Because no legal proceedings have been instituted, the Court cannot conclude with reasonable certainty that Plaintiff suffered damages in the amount requested for Tyson Affiliates' attorney's fees. The Court therefore denies this part of Plaintiff's request.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment (Dkt. No. 26) in part and DENIES the motion in part. The Court awards Plaintiff $300,000 in

actual damages, $16,687.50 in attorney's fees, and $628.78 in costs for a total of $317,361.28. The Clerk of Court is respectfully directed to enter judgment in favor of the Plaintiffs and against the Defendants in the amount of $317,361.28 and to close the case.

SO ORDERED.

Dated: September 20, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge